## IN THE MATTER OF THE OPENING OF AN ALLEY FROM BATES STREET TO RANDOLPH STREET IN THE CITY OF DETROIT (WILLIAM BROWN, CLAIMANT)

June 30, 1832

Elon Farnsworth and Daniel Goodwin, attorneys for claimant (plaintiff in certiorari).

Alexander D. Fraser, attorney for city (defendant in certiorari).

## [OPINION]

Brown vs City of Detroit— Cirtiorari—

As the Certiorari in this case, issued under my allowance, and on Grounds which I then considered sufficient, and as a majority at the Court have decided otherwise, I think proper to state the grounds that influenced my act, under a belief, that possibly some further Legislation will be deemed necessary—

The act requires the City Council, when they contemplate opening a street or alley to give notice of their intention before they do the act, that those persons whose property will be affected by the measure, may have an opportunity of filing with the Council a notice in writing stating the nature and extents of the injury and damages they will sustain by the measure—

In the present instance the notice was duly given, and under it Dor Brown, made claim for damages— An order was then entered directing the marshal, to take to

his assistance a Jury of six freeholders, who should enquire, view the premises and assess the damage he might sustain by opening the alley across his property— Under the order the marshal having taken up his jury proceeded to the premises and there examined into the damages—which having been done, The Jury sealed their verdict and dilivered the same to the marshal, who presented the same so sealed to the City Counsel declaring it to be the verdict of the jury— The Jury not being in attendance, the Council refused to receive or accept of the verdict— and ordered a new venire to issue, under which he proceeded and the Jury passed on the rights of Doc$^r$ Brown in his absence and without any notice to him of the time, when the latter Jury would investigate and pass on his claim previously filed with the Council— The statute is wholly silent on the subject of notice, so far as the assessment of damages is in question— As the statute is silent and gives no details, as to the manner that the Claimant for damages, should proceed to establish his Claim, it became necessary to resort to the proceedings in cases having strong annalogies— I could think of none more like the present proceeding than the assessment of damages by a sheriff in vacation, under the authority of a venire facias, upon Judg$^{ts}$ in default.—

The venire in the present instance, altho' issued under the authority of the Corporation, was for the Benefit of Doc$^r$ Brown— It was on his rights and interest that the verdict was to bear— He became the pltff in the proceedings, and it was incumbent on him to make out his case— He had to make good his claim before the Jury & had the right to introduce his evidence to establish his claim to damages— To enable him to do this, he ought to have been notified of the time when the Jury would pass on his rights— But as he was not notified of the time when inquisition was to be made and as it was actually made without his knowledge and when absent in the Country was error and such an error as affected his legal rights— and such is still my opinion— I did also consider that the first verdict of the Jury, presented to the City Board by the marshal and sealed up, was well tendered and should have been rec$^d$  The proceedings under this statute, so far as a Jury are concerned, should not be likened to a Jury empaneled in a Court of law to try an issue of fact. Such a jury are required to aver their verdict in open Court— They resemble an Inquest of damages, which is always returned by the sheriff under the hands and seals of the Jurors who take it— Altho the return does not state that Doc$^r$ Brown, was present before the first Jury to inforce his rights, yet I am inclined to believe such was the fact, as it appears he was present when the order for a Jury was made, and the Jury were shortly after taken up by the marshal— The above were the material grounds that influenced me in making the allowance—